USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/4/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DELIVRANCE SIMON,

                Plaintiff,

-v-

1199 NATIONAL BENEFIT FUND,

                Defendant.

No. 08 Civ. 5122 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

Pursuant to the Court's Order dated November 18, 2009, Defendant's motion for summary judgment was due December 21, 2009. On December 21, 2009, Defendant filed a motion that was procedurally deficient in two respects. First, Defendant incorrectly filed the Local Rule 56.2 notice on the face of its notice of motion, rather than as a separate document. *See* Local Rule 56.2 (requiring that a represented party moving for summary judgment "serve and file *as a separate document*, together with the papers in support of the motion, a 'Notice To Pro Se Litigant Who Opposes a Motion For Summary Judgment.'"(emphasis added)). Second, it filed the motion via ECF, notwithstanding the fact that this is not an ECF case.

By Order dated December 21, 2009, the Court ordered Defendant to correct the first error by December 23, 2009. That same day, the Clerk's Office informed Defendant that its attempted ECF filing had been rejected, as this is not an ECF case.

On December 28, 2009, Defendant filed a non-ECF motion for summary judgment. Nevertheless, the motion remains improper insofar as the notice of motion and Local Rule 56.2

notice are not separate documents, as the local rule clearly requires. Thus, the motion is denied without prejudice to renewal, and the Clerk of the Court is respectfully directed to terminate the motion located at Doc. No. 26.

Defendant will be given one more chance to properly serve and file its motion for summary judgment, which it shall do no later than January 6, 2010. Should it again fail to comply with the Court's Order, the Court will deny the motion with prejudice and schedule a trial date.

Finally, Plaintiff is reminded that her opposition to Defendant's motion remains due January 19, 2010. Should she fail to respond to Defendant's motion for summary judgment in accordance with Rule 56(e)(2) of the Federal Rules of Civil Procedure, the Court will accept as true all material facts that are supported by Defendant's evidence. *See Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996). Thus, Plaintiff must submit evidence – by affidavit or otherwise – showing a genuine issue of material fact for trial. Should Plaintiff fail to do so, summary judgment may be entered for the Defendant.

Dated: January 4, 2010
New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

<u>A copy of this order has been sent to:</u>

Delivrance Simon
5317 Avenue T, Apt. 2
Brooklyn, NY 11234